IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:19-CR-00349 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| THOMAS G. O'LEAR, | ) | |
| | ) | **OPINION & ORDER** |
| Defendant. | ) | |
| | ) | |

**I.     Introduction**

On January 24, 2022, the Court informed the parties that it believed it was in the best interest of all concerned to require potential jurors to be fully vaccinated.  On January 31, 2022, Defendant O'Lear filed an objection.  ECF Doc. 32.  O'Lear contends that requiring potential jurors to be vaccinated will impact the pool of potential jurors and deprive him of a fair cross-section of the community.  He also argues that excluding unvaccinated jurors violates the jury selection act, 28 U.S.C. § 1863.  The Government filed a response.  ECF Doc. 34.  O'Lear did not file a reply.

Because unvaccinated jurors are not a "distinctive group," selecting jurors from only vaccinated individuals does not deprive O'Lear of any constitutional rights.  Nor does it violate the Jury Selection Services Act, 28 U.S.C. § 1863.  Moreover, the Court takes very seriously the health and safety of potential jurors, court staff, parties and witnesses who are required to participate in jury trials.  For these reasons, the Court OVERRULES O'Lear's objection and will

exclude unvaccinated jurors from the pool of potential jurors in this case. The Court's ruling is further explained below.

II.     **Fair Cross-Section**

The Sixth Amendment guarantees the accused the right to an "impartial jury" of the "State and district wherein the crime shall have been committed . . . .". In *Taylor v. Louisiana*, 419 U.S. 522, 530-531, 95 S. Ct. 692, 42 L. Ed. 2d 690 (1975), the U.S. Supreme Court declared that an essential characteristic of an impartial jury is that the jury be drawn from a fair cross-section of the community. The fair cross-section requirement has also been legislatively mandated by Congress in the Jury Act. See 28 U.S.C. § 1861 ("It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.") As the Jury Act codifies defendants' Sixth Amendment rights, a statutory claim is evaluated under the same standards enunciated for the constitutional claim.

In *Duren v. Missouri*, 439 U.S. 357, 99 S. Ct. 664, 58 L. Ed. 2d 579 (1979), the Supreme Court set forth the criteria necessary to establish a prima facie violation of the fair-cross-section requirement. A defendant must show: (1) the group alleged to be excluded is a "distinctive group" in the community; (2) the representation of this group in jury venires is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion of the group in the jury selection process.

Here, O'Lear cannot satisfy the first requirement of the *Duren* test because unvaccinated jurors are not a "distinctive group." Although the Supreme Court has declined to "precisely define the term 'distinctive group,'" it has held that the exclusion of a particular group was

unobjectionable where it did not contravene the three purposes of the cross-section requirement: (1) avoiding "the possibility that the composition of juries would be arbitrarily skewed in such a way as to deny criminal defendants the benefit of the common-sense judgment of the community"; (2) avoiding an "appearance of unfairness"; and (3) ensuring against deprivation of "often historically disadvantaged groups of their right as citizens to serve on juries in criminal cases." See *Lockhart v. McCree*, 476 U.S. 162, 175, 106 S. Ct. 1758, 90 L. Ed. 2d 137 (1986).

Courts addressing this issue have found that groups characterized by race, religion, ethnicity, and gender meet this distinctiveness standard. *See, e.g., Duren*, 439 U.S. at 364 (recognizing women as a distinctive group); *United States v. Gelb*, 881 F.2d 1155 (2d Cir. 1989) (recognizing Jews as a distinctive group); *United States v. Shinault,* 147 F.3d 1266, 1271-72 (10th Cir. 1998) (noting that the Government conceded on appeal that Asians, Blacks, and Hispanics are all distinctive groups); *United States v. Nelson*, 137 F.3d 1094 (9th Cir. 1998) (recognizing Hispanics as a distinctive group); *United States v. Yazzie*, 660 F.2d 422, 426 (10th Cir. 1981) (recognizing Native Americans as a distinct group). But that list is essentially exhaustive. See *Holland v. Illinois*, 493 U.S. 474, 480, 110 S. Ct. 803, 107 L. Ed. 2d 905 (1990), (Marshall, J., dissenting) ("To date, at least, this Court has found only women and certain racial minorities to have the sorts of characteristics that would make a group 'distinctive' for fair-cross-section purposes."). Groups characterized by age, occupation, disability, education, and other characteristics are not distinctive under *Taylor*, and their exclusion does not run afoul of the Constitution. *Id.*

Courts specifically considering unvaccinated jurors have held that they are not a distinctive group, and that excluding jurors is within the court's inherent authority to respond to challenges created by the pandemic. *United States v. Cole,* No. 1:20-cr-424, 2022 U.S. Dist.

3

LEXIS 20070 (N.D. Ohio Feb. 3, 2022) *United States v. Elias*, No. 18-CR-33 (S-2) (NGG), 2022 U.S. Dist. LEXIS 7002 2021 WL 4739789 (E.D.N.Y. Jan. 13, 2022); *United States v. Moses*, No. 6:19-CR-06074 EAW, 2021 U.S. Dist. LEXIS 195735 (W.D.N.Y. Oct. 12, 2021); *see also*, *Dietz v. Bouldin*, 579 U.S. 40, 136 S. Ct. 1885 (2016) (district courts have responsibility to implement, "reasonable response[s] to the problems and needs confronting the court's fair administration of justice"); *United States v. Muhammad,* No. 3:21cr34 (DJN), 2021 U.S. Dist. LEXIS 187578 (E.D. Va. Sep. 29, 2021) (rejecting argument that striking unvaccinated jurors for cause could violate the cross-section requirement); *United States v. Liberto*, No. RDB-19-0600, 2021 U.S. Dist. LEXIS 186901 (D. Md. Sep. 29, 2021) (overruling defendant's objection to asking prospective jurors about vaccination status during voir dire, finding that "asking the vaccination status of potential jurors is in keeping with this Court's policy in the face of the COVID-19 Pandemic").

  Moreover, this Court's own experience supports the exclusion of unvaccinated jurors. In selecting a jury and conducting a six week trial in the opioid MDL in October and November 2021, the Court found that requiring all potential jurors to be fully vaccinated was necessary to successfully complete the trial. As in the instant case, the Court advised counsel for the MDL trial that it was considering excluding unvaccinated jurors. Defendants objected, so the Court began the jury selection process with some unvaccinated jurors.

  During the first day of voir dire, one unvaccinated juror was cleared for cause. However, that juror became ill in the evening and could not return for the next day of jury selection. On the second day of voir dire, another unvaccinated juror was cleared for cause. He also was unable to return because his wife became ill. See Case No. 1:17-md-02804, ECF Docs. 3984, 3985, 3986, 3987 (N.D. Ohio Sept. 29-30, 2021). At that point, the Court decided to proceed with only vaccinated individuals in the jury pool. The Court reasoned it was going to become

increasingly difficult to complete a six-week trial with unvaccinated jurors.  Had the Court not made this decision, the trial would likely have been aborted.

The Court also found that selecting only vaccinated jurors did not seem to unfairly limit any groups from serving as jurors.  Other than their decision to remain unvaccinated, the unvaccinated jurors had little in common.  They represented different genders, ages and races.  Excusing unvaccinated jurors had no negative impact on the parties' rights to select jurors from a fair cross-section of the community.

The Court's experience is particularly germane to O'Lear's trial because it too is expected to last approximately six weeks.  It would be unfair to both the parties and potential jurors to include unvaccinated individuals who may become ill, expose others to illness, and possibly delay or prevent the trial.

### III.     Jury Selection Services Act

O'Lear also argues that excluding unvaccinated jurors will violate the Jury Selection Service Act.  He cites 28 U.S.C. § 1867(d) in support of a dismissal of his indictment, which would only be appropriate if he could show a substantial failure to comply with jury selection procedures in the selection of a *grand* jury.   28 U.S.C. § 1867(d) authorizes the Court to *stay* proceedings pending the proper selection of a petit jury on motion of a party showing a "substantial failure to comply with the provisions of this title."[1]  As noted above, the Jury Act is evaluated under the same standards enunciated for the constitutional claim.  Selecting a jury from only unvaccinated jurors does not run afoul of the Sixth Amendment's guarantee to a fair

---

[1] O'Lear has not complied with the requirement of 28 U.S.C. § 1867(d) of submitting a sworn statement of facts showing a substantial failure to comply with jury selection procedures.  The jury selection process has not even begun in this case.  But even if his motion were ripe, O'Lear would not be granted a stay of the petit jury selection process based on the exclusion of unvaccinated jurors.

5

cross-section of the community.  Nor does it violate the Jury Selection Service Act.  O'Lear's objection to the exclusion of unvaccinated jurors from the jury pool is OVERRULED.

### IV.     Conclusion

Unvaccinated jurors are not a "distinctive group," for purposes of protecting Sixth Amendment rights.  Thus, selecting jurors from only vaccinated individuals does not deprive O'Lear of a jury drawn from a fair cross-section of the community.  Nor does it violate the Jury Selection Services Act, 28 U.S.C. § 1861, et seq.   Because the Court takes very seriously the health and safety of potential jurors, court staff, parties and witnesses who are required to participate in jury trials, the Court OVERRULES O'Lear's objection and will exclude unvaccinated jurors from the pool of potential jurors in this case.

**IT IS SO ORDERED.**

Dated: February 11, 2022    *s/Dan Aaron Polster*
United States District Judge