# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 5:19 CR 0349 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) |
| | ) |
| THOMAS O'LEAR, | ) **OPINION & ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

On February 12, 2024, Defendant Thomas O'Lear filed a *pro se* motion for a reduction of sentence.  ECF Doc. 104.  The Court appointed the Federal Public Defender who, on September 12, 2024, notified the Court that he did not intend to supplement Defendant's *pro se* motion.  ECF Doc. 107.  On September 23, 2024, the United States filed a brief in opposition to Defendant's Motion to Reduce Sentence.  ECF Doc. 108.  For the reasons stated below, the Court DENIES Defendant's motion for sentence reduction.

On April 27, 2022, a jury convicted Defendant of 25 charges including some for health care fraud, making false statements regarding health care matters and aggravated identity theft. ECF Doc 57. At sentencing, the Court noted that O'Lear's Total Offense Level was 38 - Criminal History Category 1, with a guideline range of 235-293 months.  ECF Doc. 70.  However the court sentenced Defendant at Offense Level 36, per the parties' agreement and a finding that the total amount of the fraud was less than $2,000,000.00.  *Id.*  The Court applied a two-level Sentencing Guidelines enhancement for obstructing justice because Mr. O'Lear had lied under oath, pursuant to U.S.S.G. § 3C1.1.  Mr. O'Lear did not object to that enhancement. The Court also applied two,

two-level Sentencing Guideline enhancements under U.S.S.G. § 3A1.1(b)(1)and (2) for engaging in an offense involving vulnerable victims.  Defendant *did* object to these enhancements and challenged them on appeal.  However, the Sixth Circuit Court of appeals affirmed the Court's application of the vulnerable victim enhancements.  ECF Doc. 102; *United States v. O'Lear,* 90 F.4th 519, 522-541 (6th Cir. 2024). Defendant's Guideline sentencing range at Offense level 36 was 188-235 months, and the Court sentenced him to a below-Guidelines total sentence of 180 months. Defendant is serving his sentence at Fort Dix FCI in Joint Base MDL, New Jersey with an expected release date of January 20, 2035.[1]

Defendant has moved for a sentencing reduction following Guidelines Amendment 821, but he is not eligible for such a reduction. O'Lear did not have any status points or criminal history points. He is not entitled to a downward adjustment of his sentence because the enhancements he received were because his offenses were against vulnerable victims pursuant to under §3A1.1. Moreover, his sentence was already lower than his amended Guidelines range for Criminal History Category 36 (which was two levels lower than where he could have been sentenced.) Defendant's Guidelines range was 188-235 months, and the Court sentenced him to less than that—only 180 months.  Accordingly, Defendant has not shown that he is eligible for a sentence reduction pursuant to the Guidelines Amendment 821.

Because Defendant's motion for sentence reduction pursuant to Part B of Guidelines Amendment 821 lacks merit, it is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 24, 2024

*s/Dan Aaron Polster*
United States District Judge

---

[1] Federal Bureau of Prisons Inmate Search as of September 24, 2024.