**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:19 CR 0349 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS O'LEAR, | ) | **OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.      Introduction

On May 12, 2025, Thomas G. O'Lear filed the instant 28 USCS § 2255 motion to vacate, set aside, or correct sentence.  ECF 113.  O'Lear's motion raises seven grounds for relief: (1) Prosecutorial Misconduct; (2) Brady Violation – Withholding Exculpatory Evidence; (3) False Statements by AUSA Marc Bennett; (4) Due Process Violation – Inadequate FBI Evidence Disclosures; (5) Ineffective Assistance of Counsel; (6) Improper Aggravated Identity Theft Enhancement and Charges; and (7) Improper Enhancements for Vulnerable Victims.  The Government filed a response on June 27, 2025 (ECF Doc. 114), and O'Lear filed a reply.  ECF Doc. 115. Because each of the grounds in O'Lear's motion are procedurally defaulted and/or lack merit, his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

## II.     Background

O'Lear was originally indicted in June 2019.  ECF Doc. 1.  A grand jury returned a superseding indictment in October 2021, charging O'Lear with 25 counts of healthcare fraud, one count of making a false statement related to health care matters, and two counts of

aggravated identity theft in violation of 18 U.S.C. §§ 1347, 1035(a)(1), and 1028A(a)(1), respectively.  ECF Doc. 27.  On December 14, 2020, AUSA Marc Bennett, one of the prosecutors assigned to O'Lear's case, resigned from the U.S. Attorney's Office, after which he did not have had any involvement in the case.  Discovery was completed by former AUSA Brendan O'Shea, who acted as lead prosecutor through the trial.

Following the jury trial in April 2022, O'Lear was convicted of 25 counts and acquitted of three of the health care fraud counts.  ECF Doc. 57.  In September 2022, O'Lear was sentenced to a total of 180 months.  ECF Doc. 69.  O'Lear appealed, but the Sixth Circuit Court of Appeals affirmed the judgment against him on January 8, 2024.  ECF Doc. 102; *United States v. O'Lear*, 90 F.4th 519, 533 (6th Cir. 2024). The Supreme Court denied his petition for a writ of certiorari on May 13, 2024.  ECF Doc. 106.  O'Lear raised the following grounds in his direct appeal: 1) Sixth Amendment Challenge to Jury Pool; 2) Vindictive Prosecution/Challenge to the Aggravated Identity Theft Conviction; and 3) Challenges to Sentence and Sentencing Enhancements.

### III.    Timeliness

As a preliminary matter, O'Lear's motion is timely.  28 U.S.C. § 2255(f)(1) proscribes a one-year statute of limitations for filing a motion, counted from the date on which the judgment becomes final. A conviction "becomes final upon conclusion of direct review." (*Raybon v. United States,* 867 F.3d 625, 629 (6th Cir. 2017) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004)).  When a defendant pursues a direct appeal, but the conviction is affirmed, "the judgment of conviction becomes final after the ninety-day period to file a petition for writ of certiorari expires." *Id.*  The court sentenced O'Lear on September 29, 2022.  ECF 66. O'Lear's appeal was decided and filed on January 8, 2024.  *United States v. O'Lea*r, 90 F.4th

519 (6th Cir. 2024).  The Supreme Court denied the petition for a writ of certiorari on May 13, 2024.  ECF 106.  O'Lear's § 2255 motion was postmarked May 8, 2025, within one year of the denial of his certiorari petition.  Thus, O'Lear's § 2255 motion is timely.

### IV.    Legal Standards

#### A.  General

Under 28 U.S.C. § 2255(a), a prisoner in custody under sentence of a district court may move the court that imposed the sentence to vacate the sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  In order to obtain relief under § 2255, a prisoner must demonstrate a constitutional error, a sentence that exceeds statutory limits, or an error of fact or law "so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A petitioner seeking to set aside his sentence pursuant to Section 2255 has the burden of "sustaining [his] contentions by a preponderance of the evidence."  *Pough,* 442 F.3d at 964. Indeed, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  "Once the defendant's chance to appeal has been waived or exhausted," the courts "are entitled to presume that [the defendant] stands fairly and finally convicted."  *Id*. at 164.

#### B.  Procedural Default

Another basis for denying a § 2255 motion is procedural default.  A petitioner may not use a § 2255 petition as a second opportunity to review issues that could have been raised on direct appeal.  *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993).  In order to do so, the petitioner must demonstrate "cause to excuse his failure to appeal the issue and actual

prejudice." *Id.*  When a defendant, as here, procedurally defaults a claim by failing to raise it on

direct appeal, it may be raised in habeas only by showing "cause" and actual "prejudice," or

actual innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Ratliff*, 999 F.2d at 1025.

A petitioner must show cause for each procedural default. *United States v. Frady*, 456 U.S. 152,

166 (1982). The cause-and-prejudice standard is stricter than the plain error standard under Fed.

R. Crim. P. 52 and *United States v. Olano*, 507 U.S. 725 (1993), which governs defaulted claims

on direct appeal. *See Frady*, 456 U.S. at 164-166.

While a truly "novel" claim, one that lacks any reasonable legal basis at the time, may

excuse procedural default, a claim is not novel merely because it would have been rejected under

then-existing precedent.  *Reed v. Ross*, 468 U.S. 1, 16-17 (1984).  The key question is whether

the claim was "available" at the time of default.  *Id.*; *Smith v. Murray*, 477 U.S. 527, 537

(1986)'; *Bousley*, 523 U.S. 622; *Dugger v. Adams*, 489 U.S. 401, 409-10 (1989).

As to showing actual prejudice, simply establishing a "possibility of prejudice is not

sufficient; the petitioner must show that errors in the proceedings of which he complains worked

to his actual and substantial disadvantage," resulting in "error of constitutional dimensions."

*Frady*, 456 U.S. at 167.  The result must be a fundamental miscarriage of justice.  *Id.* at 172. The

burden is on the movant to show he suffered the degree of actual prejudice "necessary to

overcome society's justified interests in the finality of criminal judgments." *Id.* at 175. "The

defendant 'must shoulder the burden of showing, not merely that the errors at his trial created a

possibility of prejudice, but that [he] worked to his actual and substantial disadvantage, infecting

his entire trial with error of constitutional dimensions.'" *Napier v. United States*, 159 F.3d 956,

962 (6th Cir. 1998) (quoting *Frady*, 456 U.S. at 170 (emphasis in original)).

V.      Analysis

A.  Grounds One & Three: Prosecutorial Misconduct

Grounds One and Three of O'Lear's motion raise claims of prosecutorial misconduct. ECF Doc. 113 at 4.  In Ground One, O'Lear contends that former AUSA Marc Bennett, who was the lead prosecutor on the case until January 2022, mishandled patient files and hard drives, resulting in missing or incomplete reports.  *Id*.  O'Lear also alleges undisclosed phone calls between Brian Fletcher, Bennett, and the FBI, but fails to identify the content of these calls or how they impacted the outcome of his trial.

In Ground Three, O'Lear broadly alleges that former AUSA Marc Bennett made false statements during the proceedings.  ECF Doc. 113 at 7.  He claims Bennett falsely stated that alleged victims were nursing home patients and that identity theft occurred as part of the fraud. *Id*.  According to O'Lear, these misrepresentations laid the foundation for later sentencing enhancements resulting in a four-level vulnerable victim sentencing enhancement.  *Id*.  O'Lear believes the only victims were Medicare and Medicaid, not the nursing home residents.  *Id.*

Both Grounds One and Three are procedurally defaulted because O'Lear could have argued prosecutorial misconduct at trial, but never raised these issues.  Nor did he raise these grounds in his direct appeal.  As already stated, O'Lear cannot use a § 2255 petition as a second opportunity to review issues that could have been raised on direct appeal.  *Ratliff,* 999 F.2d at 1025.  O'Lear has not argued cause or shown actual prejudice resulting from the alleged prosecutorial misconduct.  Nor has he shown that he was actually innocent of the crimes in the indictment.  His prosecutorial misconduct claims are procedurally defaulted.

Further, even if the Court were to consider these claims on the merits, they would fail. AUSA Bennett left the U.S. Attorney's office in 2020, well before the superseding indictment in

October 2021, and the 2022 trial.  ECF 23.  In his reply, O'Lear alleges that, although Bennett

resigned in January 2020, he was not removed as counsel on the case until January 2021. ECF

Doc. 115 at 2.  But this alleged delay in docketing AUSA Bennett's withdrawal had no

significant impact on O'Lear's case.  In fact, Bennett likely had little to no role in the significant

phases of O'Lear's prosecution.  Thus, even if Grounds One and Three were not procedurally

defaulted, they would be dismissed as meritless.

### B.  Grounds Two and Four  - Alleged Brady Violation and Inadequate FBI Discovery Disclosure

In Grounds Two and Four, O'Lear asserts that the Government withheld crucial evidence

or analysis that may have aided his defense.  ECF Doc. 113 at 5 and 8.  Specifically, O'Lear

contends: 1) the government's itemized list of confiscated files and FBI discovery (Ground Two

and Four) were vague; 2) the patient file database digital images of patient files contradicted the

government's claim of fraudulent billing; 3) undisclosed phone calls involving Brian Fletcher

could have supported alternative theories of liability; and 4) a handwriting analysis may have

refuted the identity theft allegations.  *Id.*

Like Grounds One and Three, Grounds Two and Four were not raised at trial or in

O'Lear's direct appeal.  O'Lear cannot use a § 2255 petition as a second opportunity to review

issues that could have been raised on direct appeal.  *Ratliff,* 999 F.2d at 1025.  O'Lear has not

shown cause or actual prejudice resulting from the discovery deficiencies.  Nor has he

established that he was actually innocent of the crimes in the indictment.  His claims of

inadequate discovery disclosure are procedurally defaulted.

Also, as argued by the Government, Grounds Two and Four are largely based on

O'Lear's speculation.  O'Lear *believes* that more specific discovery or undisclosed phone calls

may have assisted his defense.  But he has not pointed to any specific undisclosed exculpatory

evidence.  The Government argues that it handed over its evidence in discovery.  It was not required to create additional materials – such as more specific inventories or handwriting analysis – to benefit O'Lear's defense.  O'Lear has failed to show any Constitutional violation in Grounds Two and Four of his motion.  These grounds are dismissed as procedurally defaulted and lacking merit.

### C.  Ground Five – Ineffective Assistance of Counsel

Ground Five is a claim for ineffective assistance of counsel.  ECF Doc. 113 at 9.  O'Lear argues that his trial and appellate counsel failed to: 1) raise claims of prosecutorial misconduct by AUSA Marc Bennett; 2) challenge the 4-level vulnerable victim enhancement at sentencing under U.S.S.G § 3A.1.(b); 3) contest the application of identity theft charges under 18 U.S.C. § 1028A; 4) challenge the evidence regarding the vulnerable victim enhancement;  5) challenge the list of evidence from the FBI; 6) challenge the absence of cross-referencing seized evidence with his electronic database; 7) raise effective appeals; 8) fully investigate the case and prepare a defense, including failure to obtain or challenge key documents and evidence; 9) raise critical constitutional issues, such as Brady violations; 10) challenge the loss calculations used in sentencing; 11) present critical witnesses or expert testimony to support his defense; and 12) cross examine government witnesses effectively.  O'Lear argues these failures were not strategic decisions and prejudiced his case.

To establish ineffective assistance of counsel, a petitioner is required to demonstrate: 1) that counsel's performance was so deficient that counsel did not actually perform as counsel; and 2) show that his defense was so prejudiced by counsel's conduct that it is reasonably probable that the outcome of the case would have been different but for the ineffective assistance.  *See Strickland v. Washington*, 466 U.S. 668, 687 and 694 (1984).  Conclusory allegations that fail to

7

articulate counsel's deficiencies or how they prejudiced the case are insufficient to sustain a claim of ineffective assistance of counsel on a § 2255 motion.  *Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020).

O'Lear's ineffective assistance claim is largely conclusory; he provides little to no factual basis for the alleged deficiencies of counsel.  For example, he argues counsel failed to fully investigate, but he doesn't explain how this may have altered the outcome of his case.  He complains that counsel didn't call witnesses or cross-examine effectively, but he doesn't explain how this would have established his innocence.  Under Strickland, such vague and unsupported assertions do not establish either prong—deficient performance or prejudice.  *Strickland*, 466 U.S. at 687.

In his reply, O'Lear claims to have prepared questions for specific witnesses that his attorney declined to use.  *See* ECF Doc. 115-1.  However, a review of these questions reveals why his counsel chose not to use them.  Many of his questions were irrelevant, likely to have already been asked during direct examination and/or would have resulted in cumulative responses.  O'Lear's proposed questions were obviously prepared by a non-lawyer who was unfamiliar with the Federal Rules of Evidence.  Moreover, O'Lear fails to explain how these questions may have resulted in a different outcome and how he was prejudiced by counsel's failure to ask them.

O'Lear also challenges the "loss amount" used at sentencing but does not explain how his counsel's performance was insufficient in relation to this amount.  Defense counsel argued (and the Court used) the lower amount actually paid by Medicare rather than the amount O'Lear billed to determine his sentence. O'Lear fails to explain how counsel could have successfully

argued that this amount should have been even lower and/or resulted in a decreased sentencing guidelines calculation.

Regarding' O'Lear's argument that his counsel was ineffective for failing to challenge the aggravated identity theft and the vulnerable victim enhancements, these claims were determined to lack merit by the Sixth Circuit Court of Appeals.  ECF Doc. 102.  The Supreme Court also denied review.  ECF Doc. 106.  O'Lear cannot fault counsel for failing to raise claims that were ultimately rejected on appeal.

O'Lear also argues his counsel should have raised the same arguments raised in *Dubin v. United States*, 599 U.S. 110 (2023)[1], which was decided after his conviction.  But A lawyer is not ineffective for failing to predict changes in the law.  *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).  More significantly, the Sixth Circuit concluded that O'Lear's conviction did not run contrary to *Dubin*, and the Supreme Court declined to take up O'Lear's case, suggesting it agreed. ECF Doc. 102 at p. 17; *United States v. O'Lear*, 90 F.4th 519 (6th Cir. 2024); ECF Doc. 104.  As to the vulnerable victim enhancement, O'Lear's counsel *did* challenge it at sentencing.  Thus, O'Lear has not shown that his counsel erred by failing to raise these issues at trial.

O'Lear has failed to establish the first prong of *Strickland*—that his counsel's performance was ineffective in violation of the Sixth Amendment.  The deficiencies he alleges are conclusory.  Nor has O'Lear explained how different legal assistance would have resulted in a more favorable outcome.  For these reasons, his claim of ineffective assistance of counsel must be dismissed.

---

[1] In *Dubin*, the Supreme Court held that a petitioner had not committed aggravated identity theft because he had not used a patient's means of identification in relation to a predicate offense.

### D.  Grounds Six and Seven – Improper Conviction and Sentencing Enhancement

Ground Six of O'Lear's motion challenges the aggravated identity theft charges and corresponding two-year mandatory sentence enhancements arguing the Government's position contradicted itself.  Specifically, O'Lear argues that the Government could not simultaneously argue he had stolen identities *and* that the images were fictitious. *Id*.  But, as mentioned above, the Sixth Circuit has already rejected this argument. *United States v. O'Lear*, 90 F.4th 519, 533 (6th Cir. 2024) (quoting *Dubin*, 599 U.S. at 132).

Similarly, Ground Seven of O'Lear's motion challenges the sentencing enhancement for vulnerable victims. ECF Doc. 113 at 12. O'Lear contends that the only victims of the alleged healthcare fraud were Medicare and Medicaid. *Id*.  This argument is also foreclosed by the Sixth Circuit's opinion.  The Sixth Circuit explained that the vulnerable victims sentence enhancement was supported by this Court's finding that O'Lear had improperly used nursing home residents' identities and disclosed their private health information.  ECF Doc. 102 at 24.  The Sixth Circuit determined that the Court had an adequate factual basis to apply this additional two-level enhancement.  O'Lear has failed to show that he was improperly convicted of identity theft or that his sentence was improperly enhanced due to vulnerable victims.  Grounds Six and Seven lack merit and must be dismissed.

### VI.    Conclusion

Each of the grounds in O'Lear's motion are procedurally defaulted and/or lack merit.  For this reason, the Court DENIES O'Lear's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: August 7, 2025 *s/Dan Aaron Polster*
United States District Judge